IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYMAN W. WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. CIV-12-363-HE |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration[1], ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on October 23, 2007 (TR.9). The applications were denied on initial consideration and on reconsideration at the administrative level. At Plaintiff's request, an administrative law judge (ALJ) held a *de novo* hearing where Plaintiff amended the onset date to October 10, 2007 (TR.33). On September 24, 2010, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (TR. 9-18). The Appeals Council denied Plaintiff's request for review on February 2, 2012, making the ALJ's decision the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the

ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the amended onset date of his alleged disability (TR. 11). At step two, the ALJ found that Plaintiff's only severe impairments to be "anxiety related disorder and personality disorders" and that his low back pain and groin hernia were not severe impairments (TR. 11). At step three, the ALJ determined that neither of Plaintiff's severe impairments, singly or in combination, meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 11-12). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant cannot work with the general public or coworkers, and would need work that requires light supervision

(TR. 12-13). The ALJ then determined that Plaintiff could not perform his past relevant work (PRW) as a bartender, delivery driver, fork lift operator, maintenance worker or dishwasher (TR. 17). At step five of the sequential evaluation process, the ALJ relied on the testimony of a vocational expert (VE) who testified in response to the ALJ's

3

hypothetical question that Plaintiff could perform the requirements of night cleaner and motel cleaner (TR. 18). The VE identified the night cleaner job as medium work and the motel cleaner job as light work (TR. 74).

## ISSUES PRESENTED

Plaintiff contends that the ALJ's findings at step five of the sequential evaluation were not supported by substantial evidence; that the ALJ erred, as a matter of law, by failing to properly evaluate all of Dr. Rodgers' medical opinions; and that the ALJ's RFC assessment was legally flawed and not supported by substantial evidence.

## ANALYSIS

### I. The ALJ's Step Five Findings

Plaintiff contends that the ALJ's step five findings are not supported by substantial evidence. First, Plaintiff challenges the hypothetical question posed to the VE. Testimony elicited from hypothetical questions that do not precisely include all of the claimant's impairments cannot constitute substantial evidence to support the ALJ's ultimate determination that a claimant is not disabled. *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991). In this case, the ALJ asked the VE the following hypothetical question:

> Let's assume somebody can do light jobs. They're literate, they have some of these job experiences. What kind of jobs could a person do where they were not closely supervised?

(TR. 73). The VE identified two jobs: night cleaning jobs and motel cleaner (TR. 74). In the RFC, however, the ALJ found that Plaintiff could perform only jobs with "light supervision" (TR. 13). The Commissioner argues persuasively that the substitution of

"light supervision" for "not closely supervised" does not constitute reversible error. Indeed, the two descriptions are synonymous, and the ALJ's hypothetical question to the VE included the limitation regarding supervision ultimately assessed in the RFC.

Plaintiff also challenges the sufficiency of the ALJ's hypothetical question for omitting the restriction limiting Plaintiff's ability to work with coworkers. When Plaintiff's attorney asked the VE how an individual's inability to get along with co-workers and peers without exhibiting behavioral extremes would affect his ability to keep a job, the VE answered, "Well, the inability to get along with co-workers, if that were to include supervisors, it would eliminate work" (TR. 73). The ALJ's hypothetical question to the VE did not include a limitation regarding the inability to work with co-workers, a limitation which the ALJ did include in the RFC (TR. 13; 73). This error requires reversal.

Moreover, the VE's testimony regarding jobs Plaintiff could do considering his restriction to medium work, is in conflict with information in the Dictionary of Occupational Titles (DOT). The VE identified two jobs that Plaintiff can allegedly do: "night cleaning jobs," which the VE classified as medium work, and "cleaner in a motel" which he classified as light work (TR. 74). Because the VE did not include references to the DOT, there is no way for this court to know what jobs the VE had in mind. It appears, however, that jobs designated in the DOT as cleaning jobs are generally classified as "heavy" work. *See* DICOT 381.687-014, Cleaner, Commercial or Industrial, (1991 WL 67325); DICOT 323.687-018, Night Cleaner—Hotel and Restaurant Industry (1991 WL 673258); and DICOT 599.684-010, Equipment Cleaner/Night Cleaner Any

Industry (1991 WL 684614). Obviously, the VE's testimony is in conflict with the information in the DOT cited above. The ALJ did not ask the VE whether there was such a conflict, nor did the ALJ or the VE attempt to reconcile such a conflict. This error requires a reversal and remand of the ALJ's decision for further consideration of the Plaintiff's RFC and jobs he might be able to perform.

## II. Evaluation of Dr. Rodgers' Medical Opinions

Plaintiff contends that the ALJ also erred in failing to reveal the weight he afforded to the opinion of Kara Rodgers, Psy.D., a licensed psychologist who examined Plaintiff on February 21, 2008 (TR. 350-352). Plaintiff contends that the ALJ erred in failing to state the weight he was affording Dr. Rodgers' opinion. Specifically, Plaintiff notes that Dr. Rodgers stated that "it is unlikely that [Plaintiff] would be able to get along with everyone in a work related environment" (TR. 351). But the ALJ's RFC assessment is not contradicted by Dr. Rodgers' opinion. The ALJ recognized that Plaintiff could not work with the general public or coworkers, and could tolerate only "light supervision" (TR. 13). "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). Moreover, the ALJ will have the opportunity on remand to re-evaluate Dr. Rodgers' opinion.

## III. The ALJ's Assessment of Plaintiff's RFC

Plaintiff argues that the ALJ's RFC does not reflect a proper consider Plaintiff's physical impairments including an inguinal hernia and low back pain. Though he identified Plaintiff's physical impairments at step two and deemed them to be non-

severe, it is not clear whether the ALJ considered Plaintiff's mental impairments in combination with his non-severe physical impairments. On remand, the ALJ should consider the combined effects of Plaintiff's physical impairments with his other impairments, even though the ALJ did not find the physical impairments to be severe at step two. *See Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991) (holding that an ALJ "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability"); *see also* 20 C.F.R. § 404.1523.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 28, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on June 14, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE